NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES W. PLAYER,

Plaintiff-Appellant,

v.

UNIVERSITY OF IDAHO; et al.,

Defendants-Appellees.

No. 15-35933

D.C. No. 3:14-cv-00238-EJL-REB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

James W. Player appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging violations of the First and

Fourteenth Amendments arising from defendants' restriction on his access to the

University of Idaho campus. We have jurisdiction under 28 U.S.C. § 1291. We

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo a dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Player's claims against the University of Idaho and the other defendants in their official capacities because the claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

To the extent that Player sued any defendant in his individual capacity, the claims are barred by qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (citation and internal quotation marks omitted)); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law" (citation and internal quotation marks omitted)).

2                                                          15-35933

Because the district court properly dismissed the action for failure to state a claim, Player had no right to a jury trial.

We reject as without merit Player's contention that Magistrate Judge Bush and District Judge Lodge should have recused themselves from this case solely because they graduated from the University of Idaho. *See United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998) (holding that recusal is not required when judge has "minimal alumni contacts" with a defendant university).

**AFFIRMED.**

15-35933